UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-20557-CIV-SEITZ/WHITE

JAMES C. MARSHALL,

       Petitioner,
v.

JULIE L. JONES,

       Respondent.
_____/

### ORDER OVERRULING OBJECTIONS TO THE SUPPLEMENTAL REPORT, DENYING PETITIONER'S SEVENTH CLAIM, AND GRANTING CERTIFICATE OF APPEALABILITY ON CLAIM 7

THIS MATTER is before the Court on Magistrate Judge White's Supplemental Report and Recommendations [DE 48], which recommends denying Claim 7 of Petitioner James C. Marshall's 28 U.S.C. § 2254 petition because he has not shown that appellate counsel was ineffective. Marshall claims counsel was ineffective for (1) failing to file a supplemental brief citing the First District Court of Appeal's ("DCA's") decision in *Montgomery v. State*,[1] and (2) failing to recognize *Montgomery I* as a "pipeline" case during the rehearing process of Petitioner's direct appeal of his conviction, which became final eleven days after *Montgomery II* issued. *Montgomery I* held for the first time that giving the standard 2006 "manslaughter by act" instruction – the same instruction used in Marshall's trial – as the sole lesser included offense was fundamental error. In Marshall's case, the jury was instructed on second-degree murder, as well as the lesser included offenses of "manslaughter by act" and "manslaughter by culpable negligence."[2]

Petitioner does not object [DE 49] to the Report's factual and procedural background [DE 48, pp. 3-6, 19 n.9] or summary of Florida law [DE 48, pp. 12-18] and they are therefore adopted. Having conducted a *de novo* review of the record, the parties' supplemental briefs [DE 45, 47], the Report, and

---

[1] 70 So. 3d 603 (Fla. 1st DCA 2009) ("*Montgomery I*"), aff'd, 39 So. 3d 252, 259 (Fla. 2010) ("*Montgomery II*").
[2] This Court previously denied Claims 1-6 of Petitioner's seven-claim habeas petition. [DE 36.] Claim 7 was re-referred in light of *Haygood v. State*, 109 So. 3d 735 (Fla. 2013), which extended *Montgomery II* and held that structural error from the incorrect "manslaughter by act" instruction is not cured by a "manslaughter by culpable negligence" instruction when the evidence does not reasonably support a finding of culpable negligence.

1

Petitioner's Objections, the Court finds that it was not unreasonable for the state court to deny Petitioner's ineffective assistance claim. Under *Strickland*, counsel is not charged with anticipating changes in the law, particularly when they at best only possibly apply to a petitioner's case. Thus, appellate counsel's performance was not deficient in failing to predict that raising an out-of-district decision that was factually distinguishable from Marshall's case under the law of the Third DCA at the time *might* entitle Marshall to relief four years later. While the Court denies Marshall's petition, it will grant Petitioner a Certificate of Appealability as to Claim 7.

## I.     Background

On November 15, 2006, a jury found Petitioner guilty of second-degree murder for the 2004 killing by strangulation of Marie Saunders, the approximately 5'9" tall, 400-pound mother of Petitioner's then-girlfriend. [DE 16-5 (Tr. 324:11-13).] During the two-day trial, the jury heard from five witnesses. The victim's friend testified that Petitioner kicked open the victim's locked bedroom door and hit her when she tried to stop him from jumping on top of the victim. The victim's teenaged granddaughter testified that she unsuccessfully attempted to pry Petitioner away as he strangled the victim by hitting him with a frying pan and stabbing him with a butter knife. Two police officers testified that they arrived on the scene to find Petitioner with his boxer shorts pulled down by his knees straddling the victim and choking her while she lay face down on the floor wearing only her nightgown pulled over her buttocks. They ordered Marshall to release her, but noted that it took Marshall up to a minute to realize they were talking to him. Finally, the medical examiner testified that the victim's death was the result of mechanical asphyxiation over the course of three to four minutes.

Defense counsel conceded that Marshall killed Marie Saunders by strangulation but argued that he should be found guilty only of manslaughter, because the State failed to prove that he acted with malice, ill will, or spite. (*Id.* at 369:3-20.) During closing argument, the prosecution maintained that, even if the jury found insufficient evidence of ill will to support a second-degree murder conviction, the evidence of Petitioner's actions – breaking down the victim's locked door, choking her, dragging her into

2

the hall, flipping her over, and continuing to choke her while she was face down on the floor – supported a finding of culpable negligence. (*Id.* at 371:23-373:15.)

The trial court instructed the jury on second-degree murder, as well as the standard 2006 instructions for both "manslaughter by act" and "manslaughter by culpable negligence." In less than an hour, the jury found Marshall guilty of second-degree murder. (*See id.* at 407:4; 411:4-412:2.)

In early May 2008, Petitioner appealed his conviction on four grounds unrelated to the jury instructions.[3] The Third DCA affirmed on March 25, 2009. On rehearing solely on Marshall's *Faretta* issue, the Third DCA issued a revised per curium opinion affirming Petitioner's conviction on July 22, 2009. *Marshall v. State*, 15 So. 3d 811 (Fla. 3d DCA 2009). Petitioner petitioned *pro se* for discretionary review in the Florida Supreme Court but voluntarily dismissed the appeal on November 5, 2009 upon learning that counsel had appealed to the United States Supreme Court, which denied certiorari on April 19, 2010.

In addition to pursuing post-conviction relief under Florida Rule of Criminal Procedure 3.850, Petitioner filed a *pro se* state habeas petition on December 17, 2010, alleging ineffective assistance of appellate counsel for failing to file supplemental briefing on *Montgomery I*. Included with this motion was appellate counsel's Affidavit, stating that counsel "overlooked" the jury instruction issue and that he was ineffective for failing to raise it. [DE 15-1, p. 146.] In his reply, Petitioner cited the Second DCA's opinion in *Haygood v. State*, which affirmed Haygood's second-degree murder conviction but certified the question of whether a culpable negligence instruction *per se* cures structural error from the 2006 manslaughter by act instruction, 54 So. 3d 1035 (Fla. 2d DCA 2011) ("*Haygood I*"), *decision quashed*, 109 So. 3d 735 (Fla. 2013) ("*Haygood II*"). Marshall's petition and rehearing were denied without opinion in July 2011. *Marshall v. State*, 75 So. 3d 286 (Fla. 3d DCA 2011). Petitioner later filed a second state habeas petition, which was summarily denied in December 2011. *Marshall v. State*, 92 So. 3d 836 (Fla. 3d DCA 2011).

---

[3] The four grounds were whether the evidence was sufficient to support a second-degree murder conviction, whether the trial court conducted a proper *Faretta* hearing, whether Petitioner was denied competent mental health expert assistance at trial, and whether the trial court erred in determining his sentence.

3

## II. Applicable Law

To prevail on Petitioner's Seventh Claim for ineffective assistance of appellate counsel, Petitioner must demonstrate both (1) that his counsel's performance was deficient, and (2) that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984); *see also Pimental v. Florida Dep't of Corr.*, 560 F. App'x 942, 944 (11th Cir. 2014) (applying *Strickland* to claim of ineffective assistance of appellate counsel), *cert. denied*, 135 S. Ct. 473 (2014).[4] To succeed, a petitioner must overcome the "strong presumption" that counsel's conduct fell "within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Such deference is heightened on review of a state's denial of an ineffective assistance claim under § 2254(d), because the inquiry turns only on whether the state court's application of *Strickland* was unreasonable; not whether it was correct. *Harrington v. Richter*, 562 U.S. 86, 101, 105 (2011). Under this "doubly" deferential standard of review, Petitioner's claim fails.

## III. Discussion

### A. Marshall's Appellate Counsel Lacked Actual Knowledge of Montgomery I

Petitioner argues that appellate counsel's performance was "unreasonable" because he failed to "ma[ke] every timely procedural and legal effort" to raise the jury instruction issue on appeal and keep Petitioner's case "alive" so he could seek discretionary review in the Florida Supreme Court and benefit from *Montgomery II*. [DE 47; DE 49.] Petitioner insists counsel knew or should have known that the Florida Supreme Court was reviewing *Montgomery*, at least by the time counsel filed a motion for rehearing, and that Petitioner relied on counsel to inform him of his options. To support his position, he quotes extensively without citation from the opinion in *Perez v. Department of Corrections*, 227 F. Supp. 2d 1298 (S.D. Fla. 2002), which found appellate counsel ineffective for failing to brief unsettled case law and keep Perez's case alive.

Petitioner's reliance on *Perez*, although understandable, is unavailing, because the "unique circumstances" of that case, *id.* at 1311, are vastly different from what occurred here. Perez's counsel

---

[4] Because appellate counsel's performance was not deficient, it is not necessary to reach the prejudice prong.

4

was also appellate counsel in a materially-indistinguishable case, decided by the same appellate district, that was pending review in the Florida Supreme Court. *Id.* at 1300-02, 1310. Before the Supreme Court, Perez's counsel successfully argued for the abolishment of the attempted felony murder doctrine under Florida law, which was Perez's issue. *Id.* Notwithstanding counsel's actual knowledge of and direct involvement in the change to the law, counsel failed (1) to advise the Third DCA in Perez's appeal of his attempted felony murder conviction that the doctrine was being reexamined; (2) to seek rehearing or discretionary review or inform Perez of his options to pursue further review *pro se*, despite an ethical and contractual obligation as conflict counsel[5] to do so; or (3) to otherwise keep Perez's case "alive" to benefit from the decision counsel recognized to be imminent. *Id.* at 1304-09, 1311.

In contrast, Marshall's appellate counsel represented him vigorously, pursuing four claims on appeal, seeking rehearing by the Third DCA, appealing to the United States Supreme Court, and filing a motion for post-conviction relief under Rule 3.850. The record contradicts the argument that counsel actually knew about *Montgomery* while Petitioner's appeal was pending, much less that he avoided discussing it with Marshall.[6] Rather, the record reflects that counsel reviewed the jury instructions in preparing Petitioner's appeal, but at the time believed that any objection to the manslaughter instruction had been waived because trial counsel had not raised it. [DE 15-1, p. 146 (Counsel's Affidavit).] Jury instructions under Florida law are subject to the "contemporaneous objection rule" and thus are not challengeable on appeal absent fundamental error. *Montgomery II*, 39 So. 3d at 258. Thus, Petitioner's claim is essentially predicated on appellate counsel's failure to predict that the Florida Supreme Court would follow the First DCA and decide that using the 2006 manslaughter by act instruction was fundamental error and that it would years later extend this holding to cases in which the jury was also instructed on manslaughter by culpable negligence.

---

[5] Perez's appellate counsel was retained by contract with the public defender's office, which required counsel to, if "necessary," file a motion for rehearing or seek discretionary review if Perez's conviction were affirmed and, at minimum, advise Perez of his options upon affirmance of his conviction. *Perez v. Dep't of Corr.*, 227 F. Supp. 2d 1298, 1300-01, 1308-09 (S.D. Fla. 2002).
[6] On May 3, 2010, two weeks after his conviction became final, Petitioner wrote a letter informing counsel of *Montgomery II* [DE 15-1, pp. 94-95]. In response, counsel apologized for missing the issue and prepared an Affidavit declaring his own performance ineffective. (*Id.* at 92.)

5

### B. *Appellate Counsel's Performance Was Not Deficient for Failing to Predict That Raising the Jury Instruction Issue, Although Unmeritorious at the Time, Might Entitle Marshall to Relief Four Years Later Under* Haygood II

It is well established that failure to anticipate a change in the law is not deficient performance. *E.g., Black v. United States*, 373 F.3d 1140, 1144 (11th Cir. 2004). *Strickland* does not require counsel to be a visionary; only to provide reasonably competent representation. *Harrington*, 562 U.S. at 110. The reasonableness of counsel's performance is measured based on the "facts of the particular case, viewed as of the time of counsel's conduct" and not through the tunnel vision of hindsight. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (quotation omitted). When § 2254(d) applies under doubly deferential review, "the question is not whether counsel's actions were reasonable. The question is whether there is *any reasonable argument* that counsel satisfied *Strickland*'s deferential standard." *Harrington*, 562 U.S. at 105 (emphasis added).

In this case, there is a reasonable argument that counsel satisfied *Strickland*. As mentioned, counsel advocated strongly for Marshall. Florida law had just begun to develop on the jury instruction issue while Petitioner's direct appeal was pending. At the time Petitioner's appeal was filed in May 2008, no court had questioned the validity of the standard manslaughter by act instruction. Only in February 2009, one month before the Third DCA's initial decision affirming Marshall's conviction, a different DCA for the first time held in *Montgomery I* that the manslaughter by act instruction was fundamental error. The Florida Supreme Court did not accept review of *Montgomery I* until May 7, 2009 and did not issue *Montgomery II* until April 8, 2010, almost a year after the Third DCA denied rehearing and eleven days before Petitioner's conviction became final.[7] Thereafter, however, the Third DCA continued to hold, repeatedly, that where, as in Marshall's case, the jury had also been instructed on manslaughter by culpable negligence, *Montgomery II* was factually distinguishable and no fundamental error occurred.[8]

---

[7] Petitioner correctly observes [DE 49] that his appeal was pending when *Montgomery II* was decided and thus would have been in the "pipeline." The pipeline theory allows defendants to seek the benefit of new rules of law that are announced while their cases are stayed or pending on appeal. *See Mitchell v. Moore*, 786 So. 2d 521, 530 (Fla. 2001). Whether he would have been granted relief had he been in the *Montgomery* pipeline, however, goes to prejudice, which the Court does not reach.

[8] Petitioner cites *Bonilla v. State*, 87 So. 3d 1222 (Fla. 3d DCA 2012) as an example that the Third DCA granted habeas relief for failure to raise *Montgomery I* in contemporaneous cases. *Bonilla* is inapplicable because in that

6

The Florida Supreme Court's *Haygood II*, which ultimately rejected the Third DCA's approach where the evidence does not reasonably support culpable negligence, was not decided until February 2013, more than six years after Marshall's conviction and almost eighteen months after his first state habeas petition was denied. Florida courts recognize that *Haygood* is not retroactively applicable. *De La Hoz v. Crews*, 123 So. 3d 101, 104 (Fla. 3d DCA), *reh'g denied* (Oct. 29, 2013), *review dismissed sub nom.*, 132 So. 3d 223 (Fla. 2013). Even if *Haygood* applied to a case that had become final four years earlier and Marshall's counsel had had the foresight in 2009 to predict the evolution of the law culminating in *Haygood II*, it is still arguably distinguishable from Marshall's case. Unlike *Haygood II* where the prosecution contended that the evidence did not support culpable negligence, 109 So. 3d at 738, the prosecution in Petitioner's case specifically argued that the evidence supported a finding of manslaughter by culpable negligence. And unlike Haygood, whose "unambiguous admission" to the police that he intended to beat his girlfriend "essentially eliminated" manslaughter by culpable negligence as a viable lesser offense, *id.* at 742, there was no similar direct evidence as to Marshall's intent.

Petitioner argues that it would be manifest injustice to allow his conviction to stand while the Third DCA granted De La Hoz habeas relief under *Haygood* despite the fact that his case was not in the pipeline, *De La Hoz*, 123 So. 3d at 104-05. That case did not involve an ineffective assistance claim and is otherwise inapposite. There, the jury was given both the incorrect manslaughter by act instruction and the manslaughter by culpable negligence instruction. The jury "strugg[led]" with these instructions, but ultimately convicted De La Hoz of second-degree murder on April 21, 2010. *Id.* at 103, 105 n.10. In reversing his conviction under *Haygood*, the Third DCA expressly limited its holding to the procedural history of that case. *Id.* at 102, 105 n.11. Specifically, it held that it was manifestly unjust to deprive petitioner of relief being granted to similarly situated defendants under *Haygood*, where the *court's* denial

---

case, like in *Montgomery I*, no culpable negligence instruction appears to have been given. In any event, whether relief was granted again goes to prejudice, not deficient performance.

7

of appellate counsel's requests on direct appeal to cite to or stay the case pending *Haygood* prevented him from seeking discretionary review or being in the pipeline. *Id.* at 104-05 & nn.5 & 8.[9]

Some recent Florida cases have found deficient performance by appellate counsel for failure to file supplemental briefing on *Montgomery I*. *See Wardlow v. Sec'y, DOC*, No. 212-CV-185-FTM-29DNF, 2014 WL 6473644, at *9 (M.D. Fla. Nov. 18, 2014) (collecting cases). At the time Petitioner's direct appeal was being briefed (in 2008-2009), however, the law in the Third DCA was clear: objections to jury instructions were waived unless raised at trial. At worst, counsel made a reasonable miscalculation that the jury instruction issue was not and would not be available on appeal based on the law at the time, which does not constitute deficient performance. *See Harrington*, 562 U.S. at 110 ("[A]n attorney may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities."). Petitioner's reliance on counsel's Affidavit that he rendered deficient performance does not change this analysis. That counsel, with the benefit of hindsight, wished he had chosen an additional avenue for appeal is far from dispositive of whether his performance was objectively unreasonable at the time. *See Jennings v. McDonough*, 490 F.3d 1230, 1247 (11th Cir. 2007) ("The *Strickland* standard of objective reasonableness does not depend on the subjective intentions of the attorney, judgments made in hindsight, or an attorney's admission of deficient performance."). Thus, it was not unreasonable for the Third DCA to deny Petitioner's ineffective assistance of appellate counsel claim based on the timeline of this case.

### IV.   A Certificate of Appealability is Granted as to Claim 7

In order to obtain a Certificate of Appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is satisfied if Petitioner demonstrates "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Jones v. Sec'y*, 607 F.3d 1346, 1349 (11th Cir. 2010) (quotation omitted). Here, the

---

[9] Petitioner moved *pro se* to stay each of his two habeas proceedings pending the Florida Supreme Court's review of *Haygood I*, [DE 15-1, pp. 180-82, 207-08]; however, Petitioner never challenged the state court's denial of these motions and, in any event, it has no bearing on his claim of ineffective assistance of counsel during direct appeal.

Court will grant the issuance of a Certificate of Appealability as Petitioner has met this standard as to Claim 7. A reasonable jurist might find that appellate counsel's failure to raise *Montgomery I* constituted ineffective assistance of counsel. *Cf. Hernandez v. United States*, No. 13-10352, 2015 WL 859508, at *2 (11th Cir. Mar. 2, 2015) (noting in a § 2255 case "concern[] with a circumstance where counsel failed to make an argument . . . on appeal that later, because of a change in the law, proved to be meritorious"). Had counsel raised the issue on appeal, Petitioner may have sought discretionary review by the Florida Supreme Court, thereby possibly entitling him to reconsideration under *Montgomery II* and even *Haygood* depending on how long his case had remained pending. Indeed, although the law after *Haygood II* is still relatively undeveloped, state courts in other cases have granted relief under *Montgomery II* and *Haygood II* on direct and collateral review. *E.g.*, *Cubelo v. State*, 137 So. 3d 1019 (Fla. 2014) (quashing the Third DCA's 2010 affirmance of defendant's 2008 second-degree murder conviction where the jury had been instructed on both manslaughter by act and culpable negligence, and remanding for reconsideration under *Haygood II*); *see Wardlow*, 2014 WL 6473644, at *9. It is therefore

ORDERED THAT

(1) The Court **AFFIRMS AND ADOPTS** only the Supplemental Report's recommendation to deny Claim 7 [DE 48, pp. 25-26] and those portions of the Report to which Petitioner does not object, namely DE 48, pp. 3-6, 12-18, 19 n.9.

(2) Petitioner's Objections [DE 49] are **OVERRULED** and Claim 7 is **DENIED**.

(3) A Certificate of Appealability is **GRANTED** only as to Claim 7.

(4) Petitioner's Habeas Petition under 28 U.S.C. § 2254 [DE 1] is **DENIED**.

(5) This case is **CLOSED**.

DONE and ORDERED in Miami, Florida, this 26 day of March, 2015.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Honorable Patrick A. White
*Pro Se* Petitioner
Counsel of Record